**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tony A., Respondent,

v.

Candy A., O.K.S. & D.F.K., a minor under the age of fourteen, Defendants, Of whom O.K.S. is the, Appellant.

Appellate Case No. 2011-195867

Appeal From Spartanburg County
Usha J. Bridges, Family Court Judge

Unpublished Opinion No. 2012-UP-443
Submitted July 2, 2012 – Filed July 18, 2012

**AFFIRMED**

Thomas A. Killoren, Jr. of Harrison White Smith & Coggins, PC, of Spartanburg, for Appellant.

Albert V. Smith, of Spartanburg, for Respondent.

**PER CURIAM:** O.K.S. (Father) appeals the termination of his parental rights to his daughter (Child), arguing the family court erred because clear and convincing evidence did not support the grounds for termination of parental rights (TPR). The

family court granted TPR based on Father's willful failure to support and willful failure to visit Child. We affirm. [1]

The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). "Upon review, the appellate court may make its own finding from the record as to whether clear and convincing evidence supports the termination [of parental rights]." *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 609, 582 S.E.2d 419, 423 (2003). However, despite our broad scope of review, this court is not required to disregard the findings of "the family court, who saw and heard the witnesses, [and] was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Id.* (internal quotation marks omitted). The family court may order TPR upon finding one or more of eleven statutory grounds is met and TPR is in the child's best interests. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011). "[T]he best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence exists in the record showing Father willfully failed to support Child. During Child's entire life, Father has only provided roughly $120 in child support made in two payments prior to his incarceration. In the year after Child's birth and before Father's incarceration, Father was employed and still only made these two contributions. Moreover, Father received at least some money from his family while in prison, and Father never made even a marginal contribution in support of child. Clear and convincing evidence shows Father willfully failed to support Child and, thus, at least one ground exists to support TPR. *See* S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011). Accordingly, we need not address the remaining ground for TPR.

The best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). Here, TPR frees Child for adoption and allows her stepfather to adopt her and formalize their long term relationship, providing permanency for Child. Copious testimony exists in the record showing that Child's stepfather and Child already have a significant parent-

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

child relationship and that the stepfather cares a great deal for Child and treats her as his own child.  Accordingly, we find that TPR is in Child's best interest.

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**